for appellant, Mr. W. H. SHINN; for appellee, Messrs. EDEN & CLARK. Opinion filed Dec. 4, 1885.

No. 28. Wallace Young v. Norman Slane. An action on the case against a physician for carelessly lacerating appellee's mouth and fracturing his jaw, in extracting a tooth. The judgment against appellant, the physician, is reversed, as being contrary to the evidence. Opinion PER CURIAM. Judge below, WM. C. JONES. Attorneys for appellant, Mr. W. S. EVERHART, Mr. P. A. BRADY; for appellee, Mr. S. S. WHITEHEAD. Opinion filed Dec. 4, 1855.

No. 75. Lawrence Looby v. People, etc. A prosecution before a justice of the peace for carrying concealed weapons, and a fine imposed of $25. Appeal to the circuit court, and a fine of $150 imposed. Finding no error, the judgment is affirmed. Opinion PER CURIAM. Judge below, GEORGE W. HERDMAN. Attorney for appellant, Mr. E. LYNCH; for appellee, Mr. S. H. BLANE. Opinion filed December 4, 1885.

No. 73. Richard N. Watts v. Village of West Springfield. This was a suit brought before a justice of the peace to recover the penalty for violating a village ordinance, for an alleged obstruction of a public road. The case was removed by appeal to the circuit court, and was tried there by the court without a jury, by consent. The issue was found for the plaintiff, and a fine assessed accordingly, with costs. The only question here was as to the propriety of that finding. The controverted question of fact was as to the true location of the road, and while there was conflict upon this point, the court is of opinion that the conclusion reached by the court below has ample support in the evidence. It is urged that there was a variance between the offense indicated by the summons and the proof in this, that the evidence tended to prove a violation of section four of the ordinance, by failing to remove an obstruction after notice, while the summons was for violating section three by obstructing the road. No objection was made to the evidence on this ground in the trial court, and it is too late to make it for the first time in this court. If there was anything in the point, the objection should have been made on the trial ; and if deemed necessary, it could have been obviated by an amendment. I. & St. L. R. R. Co. v. Estes,